IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Nippon Seal (Shenzhen) Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A", <br><br> Defendants. | Case No.: <br><br> **Judge** TBD <br><br> **Magistrate Judge** TBD |

**COMPLAINT FOR UTILITY PATENT INFRINGEMENT**

Plaintiff Nippon Seal (Shenzhen) Co., Ltd. ("Nippon Seal") hereby assert the following claims for utility patent infringement against the defendants listed on Schedule A (Sealed), and allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement under the laws of the United States, 35 U.S.C. §1, et seq.

2. The defendants as listed on Schedule A have infringed and continue to infringe, have contributed to and continue to contribute to the infringement of, and have induced and continue to induce infringement one or more claims of Nippon Seal's' USP8,117,706 (the '706 Patent) at least by offering infringing products for sale, selling infringement products, and importing infringing products into the United States, relating to their products shown on Exhibit B (Sealed).

3    Nippon Seal (Shenzhen) Co., Ltd. is the legal owner of the '706 Patent, wherein

the '706 Patent was duly and legally issued by the United States Patent and Trademark Office (USPTO) after being subject to an indepth patent review (Exhibit B).

4. Plaintiff's '706 Patent claims a compact manual cleaning instrument having the ability to collect and discharge dust, including pet hair, wherein a dust trapping body contacts a surface and moved back and forth, allow dust to enter into the instrument and hold the dust until it can be opened by a user and cleaned. FIGs 6 and 3 of the '706 Patent are shown in Image 1 below:



IMAGE 1

## JURISDICTION AND VENUE

5. This Honorable Court has original subject matter jurisdiction over the claims in the actions pursuant to the provisions of the United States Patent Act, 35 U.S.C. §1, et seq., 28 U.S.C. §133(a)-(b) and 28 U.S.C. §1331.

6. This Court is the proper venue pursuant to 28 U.S.C. §1391 and may properly exercise personal jurisdiction over the Defendants in Schedule A since each of the Defendants directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in the Schedule A attached hereto ("collectively, the "Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial interactive Defendant Internet Stores, wherein Illinois residents can purchase products featuring the Plaintiff's patented design. Each of the Defendants has targeted the sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and on information and belief, sold products featuring Plaintiff's patented design to the residents of Illinois. Each of the Defendants commit tortious acts in Illinois, engage in interstate commerce, and have wrongfully caused the Plaintiff substantial injury in the State of Illinois and the United States.

**THE PARTIES**

7. Plaintiff Nippon Seal is a company based in CHINA, Shenzhen. Plaintiff is the rights holder of U.S. Patent No. 8,117,706.

8. Nippon Seal sell their product based on the patent '706 in accordance with the claims granted therein.

9. The Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign and domestic jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois

and this Juridical District, through the operation of fully interactive, commercial online marketplaces operating under the Defendants Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, as well as, on information and belief, has sold and continues to sell the same Infringing Product to consumers within the United States, including the State of Illinois. Defendants and their respective infringing products are shown in Exhibit C.

10. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the same product that infringe the '706 Patent in a series of occurrences. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

11. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the '706 Patent, and none of the Defendants are authorized retailers of Plaintiff.

12. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

13. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores

include notable common features, including the same product images, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings.

14. In addition to operating under multiple fictitious names, Defendants in this case, like other similar cases against online infringers, use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border agents.

15. Further, infringers such as the Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue their operation despite the Plaintiff's enforcement efforts, such as take down notices. On information and belief, the Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, an analysis of PayPal transactions logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts in China-based bank accounts outside the jurisdiction of this Court.

16. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the '706 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States,

including Illinois, and on information and belief, each Defendant has sold infringing Products into the United States, including Illinois.

17. Defendants' infringement of the '706 Patent in offering to sell, selling, or importing of the Infringing Products was willful.

18. Defendants infringement of the '706 Patent in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale, is irreparably harming Nippon Seal.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT 8,117,706
## (35 U.S.C. §171)

19. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

20. Defendants have directly infringed and are currently directly infringing the '706 Patent by selling, offering to sell, and/or importing into the United States, without authority, products that practice one or more of the claims of the '706 Patent.

21. As set forth below in Exhibit D is a description of infringement of claim 1 of the '706 Patent, in connection with Defendants' Infringing Products. The description, and subsequent comparison, is based on publicly available information. Plaintiff reserves the right to modify this description on the basis of information about Defendants' products it obtains during discovery.

22. Defendants' infringement has caused and is continuing to cause, damage, and irreparable injury to Plaintiff and Plaintiff will continue to suffer damage and irreparable injury unless and until that infringement is enjoined by this court.

23. Because off the exceptional nature of this case, Plaintiff is entitled to attorneys' fees and costs under 35 U.S.C. §285 as a result of the infringement of the '706 Patent by Defendants.

## **PRAYER FOR RELIEF**

WHEREAS Plaintiff respectfully requests:

1. That Judgment be entered that Defendants have infringed the '706 Patent, directly and indirectly, by way of inducement or contributory infringement, literally or under the doctrine of equivalents.

2. That in accordance with 35 U.S.C. §283, Defendants be preliminary and permanently enjoined from infringing the '706 Patent and from making, using, selling, importing, and offering to sell products that infringe the '706 Patent.

3. An award of damages sufficient to compensate Plaintiff for Defendants' infringement under 35 U.S.C. §284.

4. Costs and expenses in this action.

5. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues raised by this Complaint.

DATED: October 30, 2024                                    Respectfully Submitted:

_____
Robert M. DeWitty
DeWitty and Associates
Attorney for Plaintiff
1500 K Street, 2nd Floor
RM 249B
Washington DC 20005
Email: rmdewitty@dewittyip.com;
ipandtro@dewittyip.com