IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| NIPPON SEAL (SHENZHEN) CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>Defendants. | Case No.: **24-cv-11211**<br><br>**Judge Sunil R. Harjani**<br><br>**Magistrate Judge Heather K. McShain** |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL AND/OR REDACTED DOCUMENTS FOR GOOD CAUSE

Plaintiff, by counsel, hereby moves for leave to file the following documents under seal: : (1) Exhibit C to the Complaint, (2) Schedule A to the Complaint, and (3) Exhibit D to the Complaint, which contains a comparison between claim 1 and the infringing product.

The Courts frequently seal documents in patent infringement cases to preclude the defendant from learning the case until its assets can be restrained or seized. *See, e.g., Chrome Cherry Ltd. v. Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 21-CV-05491, 2021 WL 6752296 (N.D. Ill. Oct. 20, 2021); *Modine Mfg. Co. v. Borg-Warner, Inc.,* No. 12-CV-815-JPS, 2013 WL 5651381 (E.D. Wis. Oct. 15, 2013).

In determining whether to seal a document, the Court must independently determine whether "good cause" exists to seal the requested information from the public record. See Fed. R. Civ. P. 26(c); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.,* 178 F.3d 943, 944 (7th Cir. 1999). The Court found good cause and granted the motion to file under seal the list of defendants and *ex parte* motion for a temporary restraining order in a case where the plaintiff filed an action to combat the defendants' infringement of its patented design by creating e-commerce stores that are making, using, offering for sale, selling, and/or importing

1

into the United States for subsequent sale or use of Infringing Products to unknowing consumers. *Chrome Cherry Ltd.,* 2021 WL 6752296, at *2.

In this case, Plaintiff has a strong interest in preventing the Defendant from discovering the suit's existence. Plaintiff has moved for a temporary asset restraint. If the documents identified above are not redacted and/or filed under seal, the Defendants will receive notices that their assets are at risk, and they will have the incentive to move them beyond the jurisdiction of this and other U.S. courts before they can be restrained.[1] Plaintiff will suffer irreparable harm if the Defendants can transfer their assets in this manner. Accordingly, Plaintiff has good cause and strong interest in temporarily sealing the above-referenced documents, and this interest substantially outweighs the general interest in access to court records.

Accordingly, Plaintiff respectfully requests by leave to temporarily file under seal and/or file redacted versions of the following documents: (1) Exhibit C to the Complaint, (2) Schedule A to the Complaint, and (3) Exhibit D to the Complaint, which contains a comparison between claim 1 and the infringing product. Once the temporary restraining order has been served to the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

DATED: October 31, 2024

Respectfully Submitted,

Robert M. DeWitty
DeWitty and Associates
1500 K Street, 2nd Floor, RM 249
Washington, D.C. 20005
Attorney for Plaintiff
Email: admin@dewittyip.com
Tele: 202 571 7070

---

[1] Plaintiff believes that the Defendants are Chinese companies or individuals with overseas bank accounts not subject to this Court's jurisdiction. See generally Verified Complaint.