# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| NIPPON SEAL (SHENZHEN) CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>Defendants. | Case No.: **24-cv-11211**<br><br>**Judge Sunil R. Harjani**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW PLAINTIFF WEIMING SUN ("Plaintiff") hereby present this Motion for its Request for a Temporary Restraining Order ("TRO") in this action arising out of 35 U.S.C. § 271, with supporting evidence and documents, alleging as follows:

### I. Irreparable Harm can be legally presumed and supported by the present facts.

Plaintiff has established in its Memorandum in support of the Motion for TRO a strong likelihood of success for the validity and infringement (by Defendants) of the U.S. Patent 8,117,706 patent (Dkt. 1 (Exhibits A-D")). In view of the strong likelihood of validity and infringement, irreparable harm may be presumed, which is a premise that has been supported by the federal circuit (*See*, *Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc.*, 429 F.3d 1364, 1381 (Fed. Cir. 2005) ("The district court did not abuse its discretion by presuming irreparable harm. We have consistently held that a district court should presume that a patent owner will be irreparably harmed when, as here, a patent owner establishes a strong showing of likely infringement of a valid and enforceable patent …"), and the Southern District of New York (*See*,

*Sanofi-Synthelabo, Inc. v. Apotex Inc.*, No. 02 Civ. 2255 (SHS), at *42-43 (S.D.N.Y. Aug. 31, 2005) ("Having found that Sanofi has clearly established a likelihood of success on the merits, the Court also finds that Sanofi receives the benefit of a presumption of irreparable harm.")). More evidently, as shown in Exhibit C (Dkt. 1), there are several sellers offering their Infringing Products at prices as low as $10.00. This extremely low price will more than likely lead to price erosion, eventually downgrading the Plaintiff's price point for their Authentic Product because in the marketplace, when the same product is offered at a lower price, customers will almost always select the product with the lower price (DeWitty Declaration). In one sense, the price erosion occurs on the Amazon selling platform due to its algorithms. Amazon's algorithm looks at a product and scrapes the internet looking for a lower price. If Amazon finds a lower price, the marketplace will lower the price of the product (Id., DeWitty Decl.). This price erosion is irreversible as consumers grow used to paying lower prices for the Plaintiff's products.

Pursuant to FRCP 4(f)(3), Plaintiff has set forth cause for service of process by publication on a website having links to the documents for download by the defendant. Notably, while sufficient effort has been expended, through internet searching and searching on store platforms, such as Amazon.com, Plaintiff's counsel has been unable to locate likely official addresses of the Defendants, as it has been Plaintiff's counsel's experience that addresses provided on the platforms are intended to avoid communications relating to fraudulent activity (DeWitty Decl.) Furthermore, in the experience of Plaintiff's counsel, service by notification to an internet store platform, such as Amazon and eBay, whereby a link is provided to them, followed by delivery of the link to the email addresses of the defendant is the most secure and assured way of notifying the defendant of the underlying action and providing access to documents and orders of this case (DeWitty Decl.)

Plaintiff has already created a link to the documents of the present case, which may be accessible here: In light of the irreparable harm evident in the present case, as well as sufficient cause for service by alternative means, Plaintiff requests issuance of the TRO. Plaintiff provides a newly issued Proposed Order, which is inclusive of the points above, for the Court's consideration. A Memorandum of Law in Support is filed concurrently with this Motion.

DATED: November 13, 2024                      Respectfully Submitted:

_____
Robert M. DeWitty.
Attorney for Plaintiff
1500 K Street, 2nd Floor RM 249B
Washington DC 20005
Email: admin@dewittyip.com;
Tele: 2025717070