IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| NIPPON SEAL (SHENZHEN) CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>Defendants. | Case No.: **24-cv-11211**<br><br>**Judge Sunil R. Harjani**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
IN SUPPORT OF JOINDER OF DEFENDANTS ON SCHEDULE A**

Plaintiff provides this supplemental memorandum in support of joinder of Defendants listed on Schedule A (Sealed).

I. **PERMISSIVE JOINDER UNDER 35 U.S.C. §299 ("AIA").**

Under the American Invents Act (AIA), permissive joinder is found at subsection (a)(1) and (2). *See*, *In re EMC Corporation*, 677 F.3d 1351, 1355 (Fed. Cir. 2012) ("Recently, Congress addressed the issue of joinder in patent cases in section 19 of the Leahy-Smith American Invents Act …"); *See also,* Leahy-Smith American Invents Act, Pub. L. No. 112-29, sec 19(d), §299, 125 Stat. 284, 332-33 (2011); *See also, Oakley, Inc. v. P'Ships Identified on Schedule "A",* No. 21-cv-536 at *3 (N.D. Ill. Jan. 30, 2021). The new rule allows joinder "only if" the claims asserted against various defendants is based on arising out of transactions or occurrences or "a series of transactions or occurrences", that involves infringement of the same product. 35 U.S.C. §299(a)(1) et seq.

### A. What is a "series" of transactions or occurrences?

A determination of what makes transactions or occurrences a "series" set out in §299 is a connection or logical relationship between the various transactions or occurrences. *Bicycle Peddler, LLC v. Doe,* 295 F.R.D. 76 (E.D. Tex. 1993)("What would make them a series? The answer is some connection or logical relationship between the various transactions or occurrences.")

Applying a test to judge a logical relationship between transactions or occurrences has been described as requiring an examination of the claims, and parties in a case. *Bose Corporation v. Partnerships and Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 511, 513 (N.D. Ill. 2020); *See, Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610 (1926). A logical relationship requires shared, overlapping facts that give rise to each cause of action. *Id., In re EMC Corporation,* at 1358 ("The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must share an aggregate of operative facts."). Courts have discretion in the determination of a logical relationship. *Id., Bose Corporation; See, UWM Student Ass'n v. Lovell,* 888 F.3d 854, 863 (7th Cir. 2018). Exhibits take precedence to allegations. *Tang v. The Partnerships & Unincorporated Associations Identified on Schedule A,* 23-cv-4587 (N.D. Ill., Jan. 4, 2024), quoting, *Forrest v. Universal Savings Bank, F.A.,* 507 F.3d 540, 542 (7th Cir. 2007)("To the extent that an exhibit attached or referenced by the complaint contradicts the … allegations, the exhibit takes precedence").

B.     What is an "occurrence"?

An "occurrence"' has not been explicitly limited or defined. That said, there is clear difference between "occurrence" and "transaction". *Id., Bose Corporation* at 516 ("… no court has considered the meaning of "occurrence" apart from the meaning of "transaction" even though "canons of construction ordinarily suggest that the terms connected by a disjunctive … be given separate meanings") quoting, *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.,* 509 U.S. 209, 229 (1993). This court has held that an occurrence is not necessarily the product of joint or coordinated action. *Id., Bose Corporation* ("Unlike a "transaction", an "occurrence" is not necessarily the product of joint or coordinated action.")

This court has held the internet frequently produces occurrences that are cooperative, even if they are not intentionally coordinated. *Id.* "Individual actions **only possible through** the internet can have a substantial impact through aggregation" (emphasis ours); *Id.,* ("… an "occurrence" of mass harm easily can be inflicted even if there is no express "transactional" coordination among the attackers"). *Id.* FRCP Rule 20's inclusion of the term "occurrence" allows a plaintiff to join in a single case multiple defendants who participated in unlawful occurrences- joinder is appropriate in the kind of harmful occurrences the internet enables. *Id.* While patent litigation is subject to joinder under 35 U.S.C. §299, the enacted law still included the provision of "occurrences" as found in FRCP 20. 35 U.S.C. §299(a)(1). Mass, unlawful acts, which may be considered as a 'swarm', have been deemed an occurrence form which a rights holder sought relief. *See, Tang* at *5.

C.     **Common Questions of Fact.**

35 U.S.C. §299 (a)(2) allows joinder of defendants if there are questions of fact common to all defendants. Discussed below, and in re-submitted Exhibit C (Sealed), each defendant in

3

Schedule A sells the same, knock-off product. The selling of the same, knock-off product is a common fact for each defendant.

      **D.     Identifying the "same" products under 35 U.S.C. §299(a)(1).**

Permissible joinder for patent litigation cases requires "the same accused product or process". 35 U.S.C. §299(a)(1). The level of 'sameness' has apparently not been set by the court. *Id., Tang* at *4, quoting, *Rudd v. Lux Products Corp.,* No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20"); *Id., In re EMC Corporation* at 1359. Nonetheless, if there is the same product, joinder has been deemed permissible. *Richmond v. Lumisol Elec., Ltd.* Civil Action No. 13-1944 (MLC), at *7-8 (D.N.J. Jan. 31, 2014) ("… Richmond has explicitly set forth [the] "same accused product" for each defendant in every case involved in the present Motions.")

## II.     THE ABOVE ANALYSIS APPLIED TO THE DEFENDANTS' PRODUCTS IN THIS CASE.

Plaintiff has prepared and submitted, under Seal, an Exhibit D, which shows elements of Plaintiff's product based on the claimed design of U.S. Pat. No. 8,117,706 (**706). Exhibit C (DE 1, Sealed) shows the individual products of the defendants on Schedule A. Far from being 'similar', shown in Exhibit C, the defendants sell the same, knock-off product on the same online platform (TEMU).

The fact that each defendant is selling the same, knock-off product, and that they are having a substantial impact aggregated on the same platform, supports joinder of defendants as there is a series of occurrence and facts common between the defendants. In essence, any

defense offered by defendants would be the same. *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 252 (N.D. Ill. 2011) ("joinder is proper if " any question of law or fact common to all defendants will arise in the action.")

### A. Plaintiff's product significantly differs in appearance from the prior art.

Arbitrarily selecting four prior art documents, it is visually apparent that the Plaintiff's claimed design differs significantly from the prior art (see elements A, B, C, and D). Plaintiff's design was deemed patentable based on these visually, remarkable differences.

### B. The Defendants are selling the same, knock-off product.

Exhibit C shows the various Defendants are selling the same, knock-off product. There is no explanation for why each defendant should be selling the visually same product. *Egyptian Goddess v. Swisa,* 543 F.3d 665, 670 (Fed. Cir. 2008) ("[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other the first one patented is infringed by the other") quoting, *Gorham Company v. White,* 81 U.S. 511, 528 (1871).

The images shown at Exhibit C were collected contemporaneously at the time of the filing of this lawsuit, supporting Plaintiff's allegation that the Defendants are using internet-based stores to appear to sell "licensed products, while actually and knowingly marketing, selling, and distributing" infringing product. This evidence, along with the allegations, supports Plaintiff's belief that there is a logical relationship between the defendants on Schedule A, based upon a series of occurrences. A logical relationship allegation under the AIA is supported because there is evidentiary overlap in the facts, namely the Defendants each sell the <u>same,</u> knock-off product through online platforms.

Even though Plaintiff does not have proof of an express transactional collaboration between the Defendants on Schedule A, the fact that they all sell the visually same, knock-off product supports the occurrence of 'mass harm' (or swarming) from the Defendants- almost as a form of 'ganging up' on Plaintiff's legitimate product.  Defendants acts should be considered mass, unlawful acts falling under the category of 'series of occurrences', pursuant to the AIA.

Exhibit D to the Complaint sets out the infringing aspects of the knock-off product against the claim limitations of the **706 patent.  While it is true that each defendants' product infringes the **706 patent, that is because they are the <u>same</u> knock-off product.  The products are not merely similar.

**CONCLUSION**

Because there was a series of occurrences in the sale of the same product as the claimed design and Plaintiff's product, by the Defendants on Schedule A, joinder between these Defendants should be deemed proper.

DATED:  November 21, 2024                                            Respectfully Submitted:

_____
Robert M. DeWitty
DeWitty and Associates
Attorney for Plaintiff
1500 K Street, 2nd Floor
RM 249B
Washington DC 20005
Email: admin@dewittyip.com
Tele: 2025717070