UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIPPON SEAL (SHENZHEN) CO., LTD.<br><br>    Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE "A",<br><br>    Defendants. | Case No. 24 C 11211<br><br>Judge Sunil R. Harjani |

## ORDER

    The Court has reviewed the plaintiff's memorandum on joinder [11] and determines, within its discretion, that plaintiff has failed to satisfy its burden to show that joinder of three defendants is proper in this utility patent infringement case. 35 U.S.C. § 299 governs joinder in patent cases. That statute provides, in relevant part: "[P]arties that are accused [patent] infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if—(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a). Joinder is improper where "accused infringers" are joined "based solely on allegations that they each have infringed the patent or patents in suit." *Id*. at § 299(b). Claims against different defendants arise out of the same transaction or occurrence or series of transactions or occurrences when "there is a 'logical relationship' between them." *Tang v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 68332, at *1 (N.D. Ill. Jan. 4, 2024) (quoting *In re EMC Corp*., 677 F.3d 1351, 1358 (Fed. Cir. 2012)). "Such a relationship requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id*.

    Plaintiff has not demonstrated that its claims against defendants may be properly joined in the same case in accordance with Section 299's same transaction-or-occurrence test. According to plaintiff's allegations, defendants are an "interrelated group of infringers working in active concert" to sell the same product that infringes its patent in a series of occurrences. Cmplt. ¶ 10. But plaintiff's conclusory statement that is not accompanied by "specific facts, or other well-pleaded allegations" does not support joinder. *Viking Arm AS v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 2024 WL 2953105, at *3 (N.D. Ill. June 6, 2024); *Tang*, 2024 WL 68332 at *2. Further, that defendants' internet stores use "common features, including the same product images, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales

discounts, similar hosting services, and the use of the same text and images, including content copied from Plaintiff's original product listings" does not necessarily establish a logical relationship between them. Cmplt. ¶ 13; *see Tang*, 2024 WL 68332, at *2 ("even if [defendants'] webpages were identical, it would not necessarily suggest the defendants are connected."); *Art Ask Agency v. Individuals, Corps., Ltd. Liab. Cos, P'ships, & Unincorporated Ass'ns Identified on Schedule "A"*, 2021 WL 5493226, at *2 (N.D. Ill. Nov. 23, 2021) (rejecting argument that defendants were interrelated because they shared common features "including use of the same domain name registration patterns, unique shopping cart platforms, similar payment and check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, similar name servers, and the use of the same text and images."); *Estee Lauder Cosms. Ltd., et al. v. The P'ships, et al.*, No. 20-cv-00845 (N.D. Ill. June 22, 2020) (Lee, J.) (Doc. 40 at 9) ("defendants with nearly identical product descriptions may in fact share no ties, with each simply copying the same description from elsewhere."). In addition to operating under fictitious names, plaintiff points out that defendants use a variety of other common tactics to evade enforcement efforts. Cmplt. ¶ 14. But these are "all coincidentally identical facts that reflect the way these internet webstores tend to operate, not that all defendants are part of a network of infringers." *Viking*, 2024 WL 2953105, at *3 (internal quotes and citation omitted); *Art Ask Agency*, 2021 WL 5493226, at *2.

At bottom, plaintiff claims that joinder is proper because all of "the defendants sell the same, knock-off product on the same online platform (TEMU)." Doc. 11 at 4. However, "a claim that the defendants infringed on [the plaintiff's] [] patent in the same way . . . is not sufficient to link one defendant's infringement to another as part of the 'same transaction, occurrence, or series of transactions or occurrences'" under § 299. *Tang*, 2024 WL 68332, at *2; *Roadget Business Pte. Ltd v. Individuals, Corps., LLCs, P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2024 WL 1858592, at *7 (N.D. Ill. Apr. 29, 2024) (rejecting plaintiff's argument that joinder was proper where "[d]efendants all relied on Temu as the platform to sell its products."); *Estée Lauder Cosmetics, Ltd. v. P'ships and Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182 187 (N.D. Ill. 2020) ("Committing the same type of violation in the same way does not link defendants together for the purpose of joinder.") (cleaned up) (quoting *AF Holdings, LLC v. Does 1-1508*, 752 F.3d 990, 998 (D.C. Cir. 2014)).

Finally, plaintiff argues that defendants are properly joined under § 299 because defendants "all sell the visually same, knock-off product support[ing] the occurrence of 'mass harm' (or swarming) from the Defendants." Doc. 11 at 6. In support, plaintiff relies on *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 514 (N.D. Ill. 2020), where the district court found joinder of a "swarm" of counterfeiters was proper. But unlike in *Bose*, "[t]his case does not involve a 'swarm' of counterfeiters passing off their products as those of a single plaintiff that owns a valuable trademark." *Tang*, 2024 WL 68332, at *3. Rather, this case involves three "sellers of the exact same type of product allegedly infringing on one seller's [] patent." *Id*. (distinguishing *Bose* where the "essence of the dispute" was "not infringement *en masse* but rather instances of infringement by distinct competitors."); *see also Roadget Pte. Ltd v. Individuals, Corps., LLCs, P'ships, & Unincorporated Ass'ns Identified on Schedule A Hereto*, 2024 WL 2763735, at *3 (N.D. Ill. May 20, 2024) ("Plaintiff calls this case one of 'mass infringement' concerning the same platform (Temu) and the same harm (copyright infringement)

inflicted upon the same entity (plaintiff). But these connections suggest nothing more than separate instances of infringement attributable to different defendants, not events arising out of the same transaction or occurrence.").

For these reasons, joinder of three defendants in this case is improper under § 299. Accordingly, the Court dismisses Defendant Nos. 2 and 3 without prejudice. *See Tang*, 2024 WL 68332, at *3 (dismissing without prejudice the improperly joined defendants). Plaintiff's motion for temporary restraining order [8] is denied without prejudice. Plaintiff may refile its motion consistent with this Order. Plaintiff's motion to file under seal [6] is granted.

**SO ORDERED.**

Dated: December 17, 2024

                                                    Sunil R. Harjani
                                                    United States District Judge